STICKLER *v.* STATE LAND OFFICE BOARD.

TAXATION—TAX SALE—CANCELLATION OF TAX LIENS—RIGHT TO MEET
HIGH BID AT SCAVENGER SALE.
    Upon expiration of period of redemption from sale of land for
    delinquent taxes whereby State became vested with title, the
    lien of a purchaser at the county treasurer's sale for delinquent
    tax for year subsequent to the year for which sale to State
    had been made was cancelled and since such purchaser had no
    interest in the property at the time the State made its pur-
    chase it was not entitled to meet the high bid at the so-called
    scavenger sale under State land office board act permitting
    such action within 30 days thereafter by ''any person who,
    at the time of the tax sale, had any interest in any parcel of
    land so sold'' (1 Comp. Laws 1929, § 3459, as amended by Act
    No. 114, Pub. Acts 1937; Act No. 155, §§ 6, 7, Pub. Acts
    1937).

Petition by C. L. Stickler and others for a writ of mandamus to compel Vernon J. Brown and others, composing the State Land Office Board, to execute a deed or land contract to certain lands in St. Joseph county. Submitted January 21, 1941. (Calendar No. 41,215.) Writ denied April 8, 1941.

*C. L. Stickler* and *A. N. Culp,* for plaintiffs.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Peter E. Bradt,* Assistant Attorney General, for defendants.

BOYLES, J. Plaintiffs ask for a writ of mandamus to compel the State land office board to give them a deed or land contract covering certain land in St. Joseph county.

The title to this land became vested in the State on November 3, 1939, upon the expiration of the equity of redemption from the 1938 tax sale for taxes for 1935 and prior years. Plaintiffs purchased the 1936 taxes on May 2, 1939, at the sale held by the county treasurer, and received the usual county treasurer's certificate of purchase. In February, 1940, the State land office board held a public auction of State lands ("scavenger sale") pursuant to Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3723-7, Stat. Ann. 1940 Cum. Supp. § 7.957). The Fargo Engineering Company was the highest (in fact, the only) bidder for the land in question. The State land office board claims the right to convey the premises to the Fargo Engineering Company. Plaintiffs claim they have the right to meet the bid of the Fargo Engineering Company as a "person who, at the time of the tax sale, had any interest in any parcel of land so sold," under said section of the above act.

1. Plaintiffs claim that their 1939 tax purchase certificate is an "unpaid tax lien" within the exception contained in Act No. 206, § 67, Pub. Acts 1893 (1 Comp. Laws 1929, § 3459 [Stat. Ann. § 7.112]), as amended by Act No. 114, Pub. Acts 1937, and in the circuit court decree; that such lien is outstanding as against the absolute title which otherwise vests in the State upon the expiration of the statutory period of redemption.

By virtue of said statute and decree, title to the parcel of land here involved became absolute in the State upon the expiration of the period of redemption and "all taxes and other liens and encumbrances, of whatever kind or nature, except unpaid tax or assessment liens or city bids of any municipality collecting its own delinquent taxes and assess-

ments upon lands for which application shall have been made to the State land office board or the director of conservation as the case may be for the withholding of such lands from sale," were thereby cancelled. Section 67, as amended by Act No. 114, Pub. Acts 1937. Plaintiffs' rights, if any, arose prior to the effective date of Act No. 282, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3459, Stat. Ann. 1940 Cum. Supp. § 7.112). Plaintiffs argue that the tax liens held by them are within the exception as then provided by the act. The State land office board meets this argument by pointing out that this exception was written into the statutory form of decree by Act No. 114, Pub. Acts 1937, in order to make the decree compatible with the law providing for the withholding of land from the scavenger sale upon application by a municipality. The board's theory is that the exception provides only for such cases, and does not include all tax liens by whomsoever held and on whatever property. No reason is suggested by plaintiffs, nor does one now occur to us, why the legislature should be presumed to have intended to preserve all tax liens. Plaintiffs' lien was cancelled upon the expiration of the period of redemption.

2. Plaintiffs claim that their tax purchase certificate is such an interest as, under Act No. 155, § 7, Pub. Acts 1937, as amended, gives them the right to meet the highest bid.

The pertinent portion of section 7 is as follows:

"Any person who, at the time of the tax sale, had any interest in any parcel of land so sold, shall have the right for a period of thirty days after such public sale as in this section provided, to meet the highest bid, by paying the amount thereof to the county treasurer."

Plaintiffs contend that, as the purchasers of the 1936 taxes and the holders of the certificate of purchase, *they have an interest* and are, therefore, entitled to meet the bid of the Fargo Engineering Company. We are unable to agree with their contention. In the above-quoted part of section 7, reference is made to two different sales, (1) "the tax sale," and (2) "such public sale as in this section provided." If only a single sale were referred to, the legislature would merely have said that any person who has any interest in any parcel of land sold in the sale herein provided for "shall have the right for a period of thirty days to meet the highest bid." "The tax sale" means the sale at which the State bid in the taxes for 1935 and prior years. At that time, plaintiffs had no interest whatever—not even a tax lien. Having had no interest then, they acquire no right to meet the highest bid. There is no ambiguity or uncertainty in the legislative wording. No reason is suggested why acquiring ownership of an interest at some point of time intermediate between the State acquiring the land and the time it undertakes to sell should confer the right to meet the high bid. Nor is there the same reason for giving this right to plaintiffs that there is for giving it to a *former owner*. It is significant that in section 6 (Comp. Laws Supp. 1940, § 3723-6, Stat. Ann. 1940 Cum. Supp. § 7.956) of the act appears similar phraseology:

"Any person who, *at the time of the tax sale,* had any interest in any parcel of land so sold, shall have the right."

There appears to be no reason for holding that "at the time of the tax sale" means two different sales as used in sections 6 and 7.

Plaintiffs' rights, if any, were terminated by the vesting of title in the State. They have no right to meet the high bid.

Writ denied. A matter of public interest being involved, no costs are awarded.

SHARPE, C. J., and BUSHNELL, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred with BOYLES, J. WIEST, J., concurred in the result.