REDFORD UNION SCHOOLS, DISTRICT NO. 1, v. STATE LAND
OFFICE BOARD.

1. TAXATION—SCAVENGER SALE—RIGHT TO MEET HIGHEST BID.
    Under State land office board act providing that "any person
    who at the time of the tax sale, had any interest in any parcel
    of land so sold, shall have the right for a period of 30 days
    after such public sale * * * to meet the highest bid," the
    tax sale referred to is the sale at which the State bid in the
    property and not the so-called scavenger sale (Act No. 155,
    § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts
    1939).

2. SAME—SCAVENGER SALE—RIGHT TO MEET HIGHEST BID—GRANTEES
UNDER QUITCLAIM DEED.
    The right to meet the highest bid at so-called scavenger sale
    is limited to parties having an interest in the land sold at
    the tax sale when the State bid in the property; and grantees
    under quitclaim deeds, executed after period of redemption
    from tax sale had expired, from parties who were owners of
    interests at time of tax sale, do not have such right (Act
    No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244,
    Pub. Acts 1939).

3. MANDAMUS—HIGHEST BID AT SCAVENGER SALE—COSTS.
    School district, as purchaser at so-called scavenger sale, is en-
    titled to writ of mandamus to compel issuance by State land
    office board and auditor general of quitclaim deed from State
    where only party who sought to meet its bid was the grantee
    from a holder of an interest at time of tax sale by quitclaim
    deed executed after expiration of period of redemption from
    tax sale by which State had acquired property by bidding it
    in; no costs being allowed (Act No. 155, § 7, Pub. Acts
    1937, as amended by Act No. 244, Pub. Acts 1939).

Petition for mandamus by Redford Union Schools,
District No. 1, Redford township, Wayne county, a
municipal corporation, to compel State Land Office
Board and others to convey to it title to certain
lands in Redford township held by the State under

purchase at tax sale.   Submitted March 18, 1941.
(Calendar No. 41,386.)   Writ granted May 21, 1941.
Rehearing denied June 30, 1941.

*George O. Hansen (Paul Thompson,* of counsel),
for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E.
Shepherd,* Solicitor General, and *Peter E. Bradt,*
Assistant Attorney General, for defendants State
Land Office Board and Auditor General.

*Miller, Canfield, Paddock & Stone,* for defendant
Neralac Corporation.

*Ferris D. Stone* and *Frederic B. Besimer (Louis
H. Fead,* of counsel), for Burton Abstract & Title
Company, *amicus curiae.*

Wiest, J.   Plaintiff school district seeks a·writ
of mandamus directing the State Land Office Board
and the auditor general to convey to it, by quitclaim
deed, title to certain lots in the township· of Red-
ford, Wayne county, held by the State under pur-
chase at the May, 1938, sale for unpaid taxes.

The owners of the lots did not exercise right of
redemption as provided by law but, after expira-
tion of the period of redemption and on May 14,
1940, conveyed some of the lots, by quitclaim deed,
to defendant Neralac Corporation and, about that
time, conveyed other lots to defendants Vern M.
Bingham and Robert A. Bogan.   May 18, 1940, the
lots were put up for sale at public auction, as pro-
vided by Act No. 155, Pub. Acts 1937, as amended
by Act No. 244, Pub. Acts 1939 * (commonly known
as the scavenger sale), and struck off to plaintiff

* Comp. Laws Supp. 1940, § 3723–1 *et seq.,* Stat. Ann. 1940 Cum.
Supp. §§ 7.951–7.964.—Reporter.

who paid all sums required by the State and received a certificate of purchase. Where land is sold for unpaid taxes, bid in by the State, no redemption made, and is put up for sale by the State at the so-called scavenger sale and struck off to the highest bidder, may one who has acquired a quitclaim deed from the former owner, after he has failed to redeem the premises, match the highest bid at the scavenger sale and be entitled to a deed from the State?

Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939, provides that the successful bidder at the scavenger sale shall receive a certificate of purchase and: "Any person who, at the time of the tax sale, had any interest in any parcel of land so sold, shall have the right for a period of 30 days after such public sale as in this section provided, to meet the highest bid, by paying the amount thereof to the county treasurer."

In *Stickler* v. *State Land Office Board, ante,* 271, we held the tax sale above mentioned means the sale at which the State bid in the property and not the scavenger sale.

At the time of the sale to the State, the Neralac Corporation, Vern M. Bingham and Robert A. Bogan had no interest of any kind in the land so sold and, as we held in *Stickler* v. *State Land Office Board, supra,* had no right to meet the bid of the school district and receive deeds.

The right to match the highest bid at the scavenger sale is a granted privilege, limited to persons having an interest in the land at the time of the sale for unpaid taxes, and is valid.

Plaintiff is entitled to a deed and, if necessary, the writ will issue. No costs.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.