ATLANTIC MUNICIPAL CORPORATION v. AUDITOR
GENERAL.

1. TAXATION—REDEMPTION FROM PRECEDING TAX SALE—TAX-
PURCHASE CERTIFICATE.
   While one who procured a tax-purchase certificate at the 1939
   tax sale is not legally obligated to redeem the lands from
   the preceding 1938 tax sale, such purchaser may protect its
   purchase by redeeming from the preceding sale (1 Comp.
   Laws 1929, §§ 3462, 3467, as amended by Act No. 325, Pub.
   Acts 1937).

2. EVIDENCE—PRESUMPTIONS—KNOWLEDGE OF LAW—TAX SALES.
   One who purchases at a tax sale is presumed to have known of
   the existing State laws pertaining thereto.

3. TAXATION—LIEN FOR UNPAID TAXES—TITLE OF STATE.
   The lien for 1936 unpaid taxes, purchased at the May, 1939,
   tax sale was cut off when the State's title, acquired at the
   May, 1938, tax sale, became absolute in November, 1939 (1
   Comp. Laws 1929, §§ 3462, 3467, as amended by Act No.
   325, Pub. Acts 1937).

4. SAME—TAX SALE PURCHASER—FAILURE OF CONSIDERATION—RE-
FUND.
   Since the validity of a May, 1939, tax sale of lands for unpaid
   1936 taxes is not contingent upon the redemption from the
   1938 tax sale, there was no failure of consideration for pur-
   chase price paid at later sale, and where State's title, de-
   rived from the prior sale, became absolute in November, 1939,
   the sale of the lands by the State at the scavenger sale in
   1941 did not constitute payment of the delinquent 1936 taxes
   and entitle the 1939 purchaser to refund of amount it had
   paid (1 Comp. Laws 1929, §§ 3462, 3465, 3467, 3490, as
   amended by Act No. 325, Pub. Acts 1937; Act No. 155, Pub.
   Acts 1937, as amended by Acts No. 24, 244, 329, Pub. Acts
   1939).

5. SAME—TAX SALE—REFUND—STATUTES.
   The auditor general may not refund money paid at tax sale
   unless authorized by statute.

6. SAME—REFUNDS—TAX SALES—REDEMPTION.

Provisions of general property tax law relative to refunds for tax sales set aside do not require a refund in case tax sale purchaser fails to redeem from a previous tax sale before title becomes absolute in the State (1 Comp. Laws 1929, §§ 3465, 3490).

Petition by Atlantic Municipal Corporation, a Delaware corporation, for a writ of mandamus to compel Vernon J. Brown, Auditor General of the State of Michigan, to refund money paid at tax sale. Submitted January 12, 1943. (Calendar No. 42,114.) Writ denied April 6, 1943.

*A. J. Michelson,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Elbern H. Parsons,* Assistants Attorney General, for defendant.

STARR, J. Plaintiff files its petition in this court for a writ of mandamus directing the defendant auditor general to refund to plaintiff the amount it had paid for certain lands at the tax sale held May 2, 1939.

In its petition plaintiff alleged, in substance, that at the 1939 tax sale it purchased certain lands in the city of Flint for the delinquent taxes for 1936; that it paid therefor the aggregate amount of $1,762.98 and received the county treasurer's tax-purchase certificates (1 Comp. Laws 1929, § 3462, as last amended by Act No. 325, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 3462, Stat. Ann. 1940 Cum. Supp. § 7.115]); that prior to its purchase it had no right, title or interest in such lands and was under no obligation to pay delinquent taxes thereon, and that it bid at such sale as a stranger in competition with other persons.

Plaintiff alleged further that the parcels of land which it purchased at the 1939 tax sale had previously been offered for sale at the tax sale held May 3, 1938, and bid in by the State of Michigan for the delinquent taxes for 1935 and prior years; that such lands were offered for sale at the 1938 tax sale in pursuance of a decree entered in State tax sale proceedings in the circuit court of Genesee county, which decree was in the form provided by 1 Comp. Laws 1929, § 3459, as amended by Act No. 114, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 3459 [Stat. Ann. 1940 Cum. Supp. § 7.112]), and stated in part:

"It is further ordered, adjudged and decreed that title to each parcel of land ordered in this decree to be offered for sale, and which parcel of land is bid in at such sale to the State, *shall become absolute in the State of Michigan* on the expiration of the period of redemption from such sale, and all taxes and other liens and incumbrances, of whatever kind or nature, * * * *cancelled as of such date,* unless any (of) said parcel(s) of land shall be redeemed."

Plaintiff alleged that in February, 1941, the lands in question were sold by the State land office board (at scavenger sale) to the former title holders; that contracts of purchase were executed and delivered; and that such purchasers are now in possession. (Act No. 155, Pub. Acts 1937, as amended by Acts Nos. 29, 244, 329, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 3723–1 *et seq.,* Stat. Ann. 1940 Cum. Supp. § 7.951 *et seq.*]).

Plaintiff alleged further that on January 23, 1941, it surrendered the county treasurer's tax purchase certificates to the defendant auditor general, who issued to plaintiff a State tax deed covering the lands in question; that on June 23, 1942, plaintiff tendered to defendant the cancelled county treasurer's tax purchase certificates, unrecorded State

tax deed, and a reconveyance of such lands from plaintiff to the State, and demanded a refund of the purchase price which it had paid at the 1939 tax sale; that defendant auditor general refused such tender and also plaintiff's demand for a refund. In its petition plaintiff claimed that by refusing its tender and demand for refund defendant auditor general had failed to perform his duty.

Plaintiff prayed that a writ of mandamus be issued directing defendant auditor general to accept the return of the cancelled tax-purchase certificates, unrecorded State tax deed, and reconveyance of lands, and to refund to plaintiff the amount it had paid for the lands at the 1939 tax sale, together with interest. An order to show cause was issued, and defendant auditor general answered, admitting plaintiff's purchase at the 1939 tax sale but denying its right to a refund and to the relief sought. In his answer defendant alleged that he had no authority to make the refund demanded.

There is no dispute as to the material facts. To summarize briefly, the facts are that the State bid in the lands in question at the May 3, 1938, tax sale for the delinquent taxes for 1935 and prior years; that the owners or parties in interest did not redeem from such sale within the 18-months period allowed for redemption; and that the State's title became absolute November 3, 1939. (1 Comp. Laws 1929, § 3467, as amended by Act No. 325, Pub. Acts 1937; *Stickler* v. *State Land Office Board,* 297 Mich. 271; *Darby* v. *Freeman, ante,* 459.) Meanwhile plaintiff company, being engaged in the so-called tax-title business, purchased such lands at the May 2, 1939, tax sale for the delinquent taxes for 1936 and received tax-purchase certificates; in January, 1941, plaintiff surrendered its tax-purchase certificates and received State tax deed from defend-

ant auditor general. The prior owners or parties in interest not having redeemed from the 1938 tax sale and the State's title having become absolute November 3, 1939, plaintiff, so to speak, was "left out on a limb" with its 1939 tax-purchase certificates.

Plaintiff contends that the validity of the 1939 tax sale of the lands in question was contingent upon the redemption of the lands from the 1938 tax sale; that such 1939 tax sale was void and the tax-purchase certificates issued to plaintiff were cancelled when the State's title became absolute November 3, 1939; that the State's title having become absolute and all taxes and other liens "cancelled as of such date," the State tax deed was issued without authority in January, 1941; that the sale of the lands by the State to the former owners in February, 1941, and the required distribution of the proceeds of such sales to the tax units entitled thereto would constitute payment of the 1936 taxes which plaintiff had purchased at the 1939 tax sale; that there was a failure of consideration for its payments at the 1939 sale; and that it is entitled to a refund of the purchase price paid.

Defendant auditor general contends, in substance, that the 1939 tax sale of the lands was valid; that the validity of such sale was not contingent upon the lands' being redeemed from the 1938 sale; that plaintiff purchased at the 1939 tax sale with knowledge of the 1938 sale and of existing laws under which the State's title would become absolute in case there was no redemption; also that under the facts and circumstances presented by plaintiff's petition he has no authority to make the refund demanded.

The record indicates that plaintiff was no novice

in the business of purchasing at State tax sales.  In its reply it admits:

"That on October 31, 1939, the plaintiff purchased $30,256.05 of 1938 State tax bids which consisted of 107 parcels.  Of these 107 parcels, only six parcels, totaling $2,375.57, covered items which plaintiff had purchased at the 1939 State tax sale."

Plaintiff also admits that its representative conferred with an assistant attorney general of the State prior to its purchases at the 1939 tax sale and that its representative was advised that such purchases would be subject to the rights acquired by the State at the 1938 sale.  Plaintiff's reply shows that it had redeemed from the 1938 tax sale at least six other parcels of land not involved in this suit, which it had purchased at the 1939 sale.  Plaintiff was not legally obligated to redeem the lands in question from the 1938 tax sale.  However, it could have protected its purchase at the 1939 sale by redeeming from the 1938 sale.  The tax records were open to plaintiff's inspection, and it is presumed to have known of the existing State laws relating to tax sales.  It is apparent that plaintiff purchased at the 1939 tax sale with open eyes, and we are satisfied that it received all that it purchased and paid for, *i.e.,* the lien of the State for the 1936 unpaid taxes, which lien was cut off when the State's title became absolute November 3, 1939.

We conclude that the validity of the 1939 tax sale of the lands in question was not contingent upon the redemption of such lands from the 1938 tax sale; that there was no failure of consideration for the purchase price paid by plaintiff at such sale; and that the subsequent sale of the lands by the State land office board did not constitute payment of the delinquent 1936 taxes.

Unless authorized by statute, the defendant auditor general had no authority to refund to plaintiff the purchase price it had paid at the 1939 tax sale. *Ball* v. *Auditor General,* 133 Mich. 521; *People, ex rel. Rice,* v. *Auditor General,* 30 Mich. 12; *Crane* v. *Reeder,* 25 Mich. 303.

We cannot agree with plaintiff's contention that 1 Comp. Laws 1929, §§ 3465, 3490 * (Stat. Ann. §§ 7.118, 7.151), authorize defendant auditor general to make the refund demanded. In the absence of statutory authority, defendant was justified in refusing plaintiff's demand. It appears, as we said in *Ball* v. *Auditor General, supra,* that plaintiff is "remediless, except through an act of the legislature."

Plaintiff's petition is denied. Defendant shall recover costs.

BOYLES, C. J., and CHANDLER, NORTH, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.

---

* These two sections were amended by Act No. 52, Pub. Acts 1939, effective May 2, 1939, the day of the sale.—REPORTER.