COBLEIGH v. STATE LAND OFFICE BOARD.

1. Bankruptcy—Title—Transferability of Property.
   Under the bankruptcy act all of the bankrupt's property vests in the trustee which, prior to the filing of the petition, the bankrupt could by any means have transferred (11 USCA, § 110a).

2. Same—Right to Redeem From Tax Sale—Assignments.
   A property owner's right to redeem from sale of the property for failure to pay taxes before title vested in the State, being transferable and assignable, would pass to trustee in bankruptcy appointed prior to expiration of period of redemption (11 USCA, § 110a; 1 Comp. Laws 1929, § 3467, as amended by Act No. 52, Pub. Acts 1939).

3. Same—Right to Meet High Bid at Scavenger Sale—Privilege.
   Where the right to meet the highest bid at so-called scavenger sale is limited to parties having an interest in the land sold at the tax sale when the State bid in the property, it is a granted privilege that is neither vested nor assignable, hence did not vest in property owner's trustee in bankruptcy not-

withstanding he may have been appointed prior to expiration of· period of redemption from tax sale (11 USCA, § 110a; Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939).

4. SAME—PROPERTY TRANSFERABLE TO TRUSTEE—STATES.
    While the classes of property passing to a trustee in bankruptcy are determined primarily by Federal law, the State law controls the question of·whether a particular property right of a bankrupt is transferable.

5. EXECUTION—PROPERTY SUBJECT TO SEIZURE AND SALE.
    Whether property is subject to seizure and sale under execution is generally determined by local law.

Appeal from Oakland; Doty (Frank L.), J. Submitted April 8, 1943. (Docket No. 24, Calendar No. 41,943.) Decided May 18, 1943.

Bill by Richard Cobleigh, trustee in bankruptcy for Nathan Greenberg, against State Land Office Board, Lena I. Gale, and Beulah B. Walton to restrain conveyance of real property and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Benjamin Jaffe* and *Carleton H. McIntyre,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Peter E. Bradt,* Assistant Attorney General, for State Land Office Board.

*Robert D. Heitsch,* for defendants Gale and Walton.

BUSHNELL, J. The sole issue presented by this appeal is whether a trustee in bankruptcy, who was appointed prior to the expiration of the period of

redemption from a tax sale, is an owner, within the provisions of Act No. 155, Pub. Acts 1937, as last amended by Acts Nos. 29, 244, 329, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3723–1 *et seq.*, Stat. Ann. 1940 Cum. Supp. § 7.951 *et seq.*), entitled to match the highest bid at a so-called "scavenger sale."

The bankruptcy act (11 USCA, § 110a) provides that a trustee in bankruptcy shall be vested by operation of law with the "title of the bankrupt as of the date of the filing of the petition in bankruptcy * * * to all * * * (5) property, * * * which prior to the filing of the petition he (the bankrupt) could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered."

In referring to this section of the bankruptcy act the court said in *Horton* v. *Moore* (C. C. A.), 110 Fed. (2d) 189; certiorari denied, 311 U. S. 692 (61 Sup. Ct. 75, 85 L. Ed. 448); rehearing denied, 311 U. S. 728 (61 Sup. Ct. 173, 85 L. Ed. 474):

"Under the plain language of the act, all property vests in the trustee which prior to the filing of the petition the bankrupt could by any means have transferred. Therefore transferability is the determining factor."

See, also, *In re Seiffert,* 18 Fed. (2d) 444.

The bankrupt, Nathan Greenberg, during the period immediately preceding his adjudication, had two separate and distinct rights. Under the provisions of 1 Comp. Laws 1929, § 3467, as amended by Act No. 52, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3467, Stat. Ann. 1940 Cum. Supp. § 7.120), he could redeem his land from the tax sale before title vested in the State, and this privilege of re-

demption was transferable and assignable. *Mercer* v. *Stephens,* 185 Mich. 290.   See, also, *Closser* v. *McBride,* 182 Mich. 594.   This right of redemption under the transferability test of the bankruptcy act was property of the bankrupt, which passed to his trustee.   The other right belonging to Greenberg was created by section 7 of Act No. 155, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3723-7, Stat. Ann. 1940 Cum. Supp. § 7.957).   As an owner, he had the privilege under this section of the statute of matching the highest bid at the ''scavenger sale'' and thereby redeeming his property, but:

''The right to match the highest bid at the scavenger sale is a granted privilege, limited to persons having an interest in the land at the time of the sale for unpaid taxes.''   *Redford Union Schools* v. *State Land Office Board,* 297 Mich. 535, 537.

See, also, *Stickler* v. *State Land Office Board,* 297 Mich. 271.   This privilege was neither a vested nor assignable right.   *Meltzer* v. *State Land Office Board,* 301 Mich. 541, 546.   Compare *James A. Welch Co., Inc.,* v. *State Land Office Board,* 295 Mich. 85.

We see no conflict with *Wragg* v. *Federal Land Bank of New Orleans,* 317 U. S. 325 (63 Sup. Ct. 273, 87 L. Ed. 273).   Although the classes of property passing to a trustee in bankruptcy are determined primarily by Federal law, the State law controls the question of whether a particular property right of the bankrupt is transferable.   *In re Landis* (C. C. A.), 41 Fed. (2d) 700, certiorari denied 282 U. S. 872 (51 Sup. Ct. 77, 75 L. Ed. 770).   Whether property is subject to seizure and sale under execution must also, generally, be determined by local law.   *Spindle* v. *Shreve,* 111 U. S. 542 (4

Sup. Ct. 522, 28 L. Ed. 512). See, also, notes in 48 A. L. R. p. 784.

Since the granted privilege to match a bid is not an assignable right and is not one that the bankrupt could "by any means have transferred," it is not a property right which vested in Greenberg's trustee in bankruptcy.

The bill filed by plaintiff as trustee in bankruptcy for Greenberg, in which he sought a deed to the property in question, was properly dismissed.

The decree is affirmed, with costs to appellees.

Boyles, C. J., and Chandler, North, Starr, Wiest, Butzel, and Sharpe, JJ., concurred.