**In re FINE ARTS CORPORATION.**

**CITY OF GRAND RAPIDS v. SCHMIDT.**

**No. 9405.**

Circuit Court of Appeals, Sixth Circuit.

June 4, 1943.

---

[3] 9 Enc. Amer. 588.

Clifford C. Christenson, of Grand Rapids, Mich. (Ganson Taggart, Clifford C. Christenson, Robert A. Johnson, and Laurent K. Varnum, all of Grand Rapids, Mich., on the brief), for appellant.

Harry Shulsky, of Grand Rapids, Mich. (Butterfield, Keeney & Amberg and Harry Shulsky, all of Grand Rapids, Mich., on the brief), for appellee.

Before HAMILTON, MARTIN, and Mc-ALLISTER, Circuit Judges.

HAMILTON, Circuit Judge.

The questions here raised are whether a court of bankruptcy in a reorganization proceeding should suspend its exclusive and non-delegable control over the administration of an estate in its possession pending submission to the state court of Michigan of a controversy between the debtor and the City of Grand Rapids as to the right of the trustee of the debtor to match the highest bid at a so-called "scavenger sale," of property sold by the city, which was acquired by it at a tax delinquency sale and also the validity, application and interpretation of the appellant's charter and ordinances.

The debtor, the Fine Arts Corporation, on September 3, 1941, filed a voluntary petition in bankruptcy and was duly adjudicated a bankrupt.

On October 16, 1941, the bankrupt filed an amended petition and asked leave of the court to convert the proceedings into one of reorganization under Chapter X of the Amended Act of 1938, 11 U.S.C.A. §§ 511 to 517 inclusive. The court approved the amended petition and continued in possession appellee, Walter K. Schmidt, trustee, who had been appointed in the original proceedings pending a first meeting of creditors.

On November 14, 1941, appellee filed a petition before the Referee seeking a show cause order against appellant the City of Grand Rapids, Michigan, a municipal corporation, in which he alleged in substance that at the time of the filing of the debtor's original petition, the debtor had title to and was in possession of, two improved parcels of real estate located in the City of Grand Rapids, and that since the appointment of appellee he had continued in the possession of said properties. He further alleged that on January 17, 1939, at a tax sale held by the City of Grand Rapids, for the non-payment of city and school taxes, the city became the purchaser of the properties and that its tax titles were not perfected until August 26, 1941; that on April 1, 1940, an amendment to appellant's charter was adopted prescribing that the City Commission of Grand Rapids should provide by ordinance for the disposition at public auction of real property acquired at tax sales, giving preference to record title holders, mortgagees or vendees under land contracts; that on August 15, 1940, an ordinance was adopted by appellant's City Commission pursuant to said charter amendment and that on August 28, 1941,

an amendment to said ordinance was passed by said City Commission. The trustee further alleged that pursuant to the terms of these ordinances, the debtor had deposited with the city the sum of $22,240 and, in consideration thereof, the city was required, pursuant to the terms of the ordinances, to execute a land contract with the debtor for the purchase of the described real estate which it was refusing and failing to do. The trustee further alleged that pursuant to the orders of the court, he was operating the two parcels of real estate and that each was occupied by office buildings which housed numerous tenants and that the City of Grand Rapids was claiming it was entitled to immediate possession of the improvements on said real estate; that the city, unless restrained, intended to take possession of and demolish the improvements on the land, as a result of which the tenants in the building were disturbed in their peaceful possession and that it was difficult for the debtor to find persons who were willing to enter into leases for space in the buildings, which acts of the city were preventing the debtor from formulating a feasible plan of reorganization.

The trustee prayed relief in the alternative, (a) that the city be required to execute land contracts to the debtor; (b) that the balance of the debtor's deposit remaining in the hands of the city after the initial payments required on the contracts under the ordinances be refunded; (c) that the debtor's title to the property be forever quieted and in the event it was not entitled to the foregoing relief, the trustee prayed that the city be required to refund all sums which the debtor had deposited with it pursuant to the ordinances of redemption.

The City of Grand Rapids entered its special appearance and objected to the jurisdiction of the court and moved that the proceedings be dismissed. The Referee overruled appellant's motion, sustained the court's jurisdiction and directed appellant to answer. The city filed a petition for review of the order of the Referee, which the court denied and affirmed the order in its entirety, hence this appeal.

The ordinances in question, so far as material here, provide in substance that the city may purchase land and improvements in satisfaction of the owner's tax delinquencies and may subsequently sell these properties at public sale to the highest bidder. For a period of thirty days after the second sale, any person having an interest in the land at the time of the first sale may match the highest bid at the second sale and if the amount of the accepted bid exceeds $100 per parcel, the cash payment thereon need not exceed twenty percent, the balance to be paid on the execution of a land contract in monthly installments for a period of four years, with interest of five percent on the declining monthly balances.

Appellant insists that the right under the ordinances to match the highest bid at the second sale is a privilege limited to persons having an interest in the land at the time of the first sale and that there is not such an identity of title between a trustee in reorganization proceedings and the debtor as to authorize the trustee to match the public bid for the properties. It also insists this question has not been determined by the courts of Michigan and under the circumstances shown by the trustee's petition, the right of the debtor to redeem the property in question should be determined by the state courts of Michigan, and the Bankruptcy Court should order the trustee to proceed accordingly. Thompson v. Magnolia Company, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876; In re Mt. Forest Fur Farms of America, 6 Cir., 122 F.2d 232.

The rule on which appellant relies has its limitations and cannot be invoked in every case involving title to real estate in a bankruptcy reorganization proceeding. In re Chicago & N. W. R. Co., 7 Cir., 127 F.2d 1001. If the record shows that the reorganization proceedings will be hindered, burdened or delayed by a proceeding in the state court, the rule has no application. Foust v. Munson S.S. Lines, 299 U.S. 77, 87, 57 S.Ct. 90, 81 L.Ed. 49. Likewise, the exercise of the court's discretion in authorizing the parties to ascertain their respective rights by an appropriate proceeding in the state court is to be invoked only under exceptional circumstances. Mangus v. Miller, 317 U.S. 178, 186, 63 S.Ct. 182, 87 L.Ed. ——. As we view the facts, there are no exceptional circumstances here.

This case comes to us on the pleadings and we must accept as true whatever is well plead. According to the allegations of the trustee's petition, the property to which the city claims title constitutes the debtor's only assets of substantial value and no feasible plan for reorganization can be formulated until its title to the properties

is settled. It is worthy of note that the ordinances here in controversy are an adaptation of the Acts of the State of Michigan (Act No. 155, Sec. 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939) for the disposition of lands purchased at delinquent tax sales. The Supreme Court of Michigan has laid down rules interpreting the State Statutes as to who has the necessary qualifications to meet the highest bid at so-called scavenger sales. Piotrowski v. State Land Office, 302 Mich. 179, 4 N.W.2d 514; Redford Union School District No. 1 v. State Land Office Board, 297 Mich. 535, 298 N.W. 124; James A. Welch & Co., Inc., v. State Land Office Board, 295 Mich. 85, 294 N.W. 377.

Appellant urges that there are other issues raised by appellee's petition, which the court should, in its discretion, require the trustee to have determined in a plenary state court suit. These issues are that the bids at the second sale made on behalf of the city were illegal and void and that the highest legal bid was by an individual and that the determination of this issue involves an interpretation and construction of the charter and ordinances of the City of Grand Rapids, and further that the validity of appellant's charter is in question and the authority of the city to amend its charter is also involved. It makes the claim that all the rights asserted under appellee's petition are those alleged to be granted under the provisions of appellant's charter and tax ordinances.

It may be conceded that this is true, but it does not follow that the trial court abused its discretion in refusing to remit to the state courts the determination of the trustee's rights.

The desirability of having state pronouncement of local law on issues in bankruptcy proceedings where such law controls, must sometimes yield to the necessities of the case and often in bankruptcy reorganization proceedings, the purpose of the Act to promptly rehabilitate financially distressed corporations would be thwarted if resort was had to the state courts.

According to the allegations of the present petition, the reorganization proceedings would be delayed and hampered if the trustee was required to proceed in the state court. It would result in the Bankruptcy Court retaining the shell and releasing the kernel of the controversy to the state court for final decision.

There is no showing here that the scope of judicial pronouncement by the courts of Michigan on the questions at issue is so narrow that there is a likelihood that a ruling by the Federal Court would be supplanted later by a contrary state decision. As we view the record here, there is available data as to the state law from which the questions here may be decided.

The order of the District Court is affirmed.