**COMMISSIONER OF INTERNAL REVE-
NUE v. F. P. E. NOTEHOLDERS
CORPORATION.**

No. 10203.

Circuit Court of Appeals, Sixth Circuit.

Nov. 18, 1946.

Harry Baum, of Washington, D. C. (Sewall Key, Helen R. Carloss, and Lee A. Jackson, all of Washington, D. C., on the brief), for petitioner.

Kurt J. Kremlick, of Detroit, Mich., for respondent.

Before HICKS, MARTIN, and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The Commissioner of Internal Revenue seeks a review of the ruling of The Tax Court of August 30, 1945, holding that there is a deficiency in taxpayer's income tax for the fiscal year ending October 31, 1941, of $668.07. The Commissioner contends that the deficiency should have been found to be income tax in the amount of $2,973.77 and declared value excess-profits tax in the amount of $116.91.

The reduction in the deficiency assessment resulted from the ruling of The Tax Court that the taxpayer, in computing its basis for determining gain or loss on a sale in 1941 of real estate acquired in 1940 at a "scavenger sale" under the law of Michigan could add to the amount paid by it at such scavenger sale the sum of $25,000, the value of a "right to redeem" the property, which had been sold by the State of Michigan at a tax sale on May 1, 1938. The State bought in the property at the sale. The property at that time was owned by Francis Palms Estate Properties, Inc., which was in reorganization under Section 77B of the Bankruptcy Act, 11 U.S. C.A. § 207. The plan of reorganization was confirmed on August 10, 1938. The taxpayer was incorporated under the laws of Michigan on December 7, 1938, and as a part of the plan acquired the right to redeem the property within an eighteen-month statutory period, which expired November 3, 1939. This right was of the value of $25,000. It was not exercised. In February 1940 the taxpayer purchased the farm from the State of Michigan for $21,464.86 at the "scavenger sale" referred to, under the provisions of Sections 7.951–7.964, Michigan Statutes Annotated, Comp. Laws Supp.1940, §§ 3723-1 to 3723-14. The statute required payment in cash within 24

hours, but also contained the following provisions: "That, if any person having any interest in said lands as hereinafter in this section provided, shall within 24 hours following such bid, make application to the board or its representative, payment in cash shall not be required, but said board may enter into an agreement with said owner for the payment of the sum bid as hereinafter provided. * * * Any person who, at the time of the tax sale, had any interest in any parcel of land so sold, shall have the right" for a limited period of time to meet the highest bid or to agree to pay the sum required to meet the highest bid in installments over a period not exceeding ten years, with 6% interest on unpaid installments. The definition of the term "owner" included "one having a substantial interest by way of actual investment in the property, priority to be given the one having the largest financial investment in the property." The taxpayer was allowed by the State Land Board to exercise the right given by the statute to buy "on land contracts."

 We are of the opinion that The Tax Court correctly ruled that in so acquiring the property the taxpayer had the right to add the $25,000 to the sale price of $21,464.86 in determining the cost to it. Its findings and conclusions, as set out in its opinion of July 20, 1945, have warrant in the record and a reasonable basis in the law and should be affirmed. Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248.

 We supplement our foregoing ruling with the following discussion of two contentions made by the Commissioner, which were either not before The Tax Court or were apparently considered as being unnecessary of more detailed discussion than was given by its opinion. The Commissioner contends that the taxpayer was not entitled to the status of a preferred bidder at the scavenger sale because it was not the owner of the property and had no interest in it when it was sold for delinquent taxes on May 1, 1938. He points out that the taxpayer was not in existence at that time, and that although the right of redemption passed to the taxpayer later by operation of law as a result of the reorganization proceedings, yet the right to meet the highest bid and purchase "on land contracts" was not acquired by it through the same proceedings because such a right or privilege was not assignable or transferable by any means prior to the Amendment of June 19, 1941. Redford Union Schools District No. 1 v. State Land Office Board, 297 Mich. 535, 537, 298 N.W. 124; Meltzer v. State Land Office Board, 301 Mich. 541, 546, 3 N.W.2d 875; Darby v. Freeman, 304 Mich. 459, 467, 468, 8 N.W. 2d 137; Cobleigh v. State Land Office Board, 305 Mich. 434, 437, 438, 9 N.W.2d 665. But irrespective of that rule, we think that the taxpayer had an "interest" in this property sufficient to qualify it under the statute for the special privileges which it exercised at the scavenger sale. As a result of the reorganization proceedings, the holders of the 6% Lien Notes against the property became the stockholders of the taxpayer, which took over all the interest of the former corporate owner in the property at a value of $25,000. The taxpayer was organized for the purpose of holding and representing this interest in the land, necessarily scaled down and subordinated to other claims in order to bring the reorganization proceedings to a successful conclusion. The creation of such an instrumentality to represent that interest is in substance merely a change in form rather than an extinguishment of that interest. In administering the Act the State Land Board held that the taxpayer had the necessary "interest" required by the statute to qualify as a preferred bidder and purchase the property on "land contracts." We concur in and follow that ruling. Complaint is also made that The Tax Court used the definition of "owner" as contained in an amendment to the statute, effective June 19, 1941, which was subsequent to the sale and materially different from the definition previously in effect. Under the view which we take of the case, as above stated, the definition of "owner" is not controlling. The taxpayer had the necessary "interest" in the property, even though it was never the owner.

The judgment of The Tax Court is affirmed.